OPINION
Appellants AFSCME Local 3529 and Ohio Council 8, AFL-CIO ("AFSCME') appeal the decision of the Muskingum County Court of Common Pleas that granted Appellee Muskingum County Department of Human Services' ("DHS") motion to vacate arbitration award. On March 9, 1998, DHS terminated the employment of grievant Robert Fauris for "[f]ailure to report off work according to employer's policy (clocking in late),". DHS cited this as a Group 1, number 25 violation. AFSCME filed a grievance as a result of Fauris' discharge. This matter proceeded to arbitration on October 22, 1998, before Arbitrator Daniel Kosanovich. The parties stipulated to the following issue presented to the arbitrator: "Was the termination of the grievant, Robert Fauris, for just cause and, if not, what shall the remedy be?" The arbitrator issued his decision on December 12, 1998. In his decision, the arbitrator converted Fauris' termination to a thirty-day suspension and ordered DHS to reinstate Fauris with full back pay and benefits except for the suspension period. On January 20, 1999, DHS filed a motion to vacate the arbitration award on the basis that the arbitrator exceeded his powers because his authority was limited to only recommending discipline modifications and the arbitrator ignored the fact that DHS also terminated Fauris for untruthfulness. AFSCME responded, on February 22, 1999, by filing a motion to dismiss and/or for summary judgment and application for order confirming arbitration award. On March 26, 1999, the trial court denied AFSCME's motions. Thereafter, on April 8, 1999, AFSCME filed its response to DHS's motion. DHS filed a motion to strike AFSCME's response on April 29, 1999. The trial court granted DHS's motion to strike and motion to vacate arbitration award. AFSCME timely filed its notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE MUSKINGUM COUNTY COMMON PLEAS COURT ERRED AND THUS ABUSED ITS DISCRETION WHEN THE COURT DENIED RESPONDENTS/APPELLANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND APPLICATION TO CONFIRM ARBITRATION AWARD BECAUSE (1) THERE WAS A RATIONAL NEXUS BETWEEN THE COLLECTIVE BARGAINING AGREEMENT AND THE ARBITRATION AWARD, THEREFORE, THE ARBITRATION AWARD DREW ITS ESSENCE FROM THE AGREEMENT, AND (2) THE AWARD WAS NOT ARBITRARY, CAPRICIOUS OR UNLAWFUL.
 II. THE MUSKINGUM COUNTY COMMON PLEAS COURT ERRED AND THUS ABUSED ITS DISCRETION WHEN THE COURT DENIED RESPONDENTS/APPELLANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND APPLICATION TO CONFIRM ARBITRATION AWARD WITHOUT, AT THE SAME TIME, ALSO RULING ON PETITIONER/APPELLEE'S MOTION TO VACATE ARBITRATION AWARD AND THEN STRUCK RESPONDENTS/APPELLANTS MEMORANDUM IN REPLY.
 I
In their First Assignment of Error, appellants contend the trial court abused its discretion when it denied their motion to dismiss and/or for summary judgment and application to confirm arbitration award because there was a rational nexus between the collective bargaining agreement and the arbitration award and therefore, the arbitration award drew its essence from the agreement. Further, appellants contend the arbitrator's award was not arbitrary, capricious or unlawful. In reviewing an arbitrator's award, we are bound by R.C. 2711.10, which provides, in pertinent part: In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
* * *
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 "A mere ambiguity in the opinion accompanying an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for vacating the award when such award draws its essence from a collective bargaining agreement. Ohio Office of Collective Bargaining v. Ohio Civil Service Employees Assn., Local 11, AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, 179, citing Goodyear Tire Rubber Co. v. Local Union No. 200 (1975), 42 Ohio St.2d 516, paragraph one of the syllabus, certiorari denied (1975), 423 U.S. 986. In United Steelworkers of America v. Enterprise Wheel Car Corp. (1960), 363 U.S. 593, 597, the United States Supreme Court addressed the review power of an arbitrator. * * * [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.
 "The arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions." Detroit Coil Co. v. Internatl. Assn. of Machinists Aerospace Workers, Lodge No. 82 (C.A.6, 1979), 594 F.2d 575, 579. Thus, in the case sub judice, we must determine whether the arbitrator's award was reached in a rational manner from the collective bargaining agreement. In analyzing this issue, we must first review the language of the collective bargaining agreement. The language at issue provides: The arbitrator shall not have the authority to add to, subtract from, modify, change or alter any provision of the Agreement, nor add to or subtract from or modify the language therein in arriving at his determination on any issue presented that is proper within the limitations expressed herein. The arbitrator shall expressly confine himself to the precise issues submitted for arbitration and shall have no authority to determine any other issues not so submitted to him.
* * *
 The arbitrator shall be without authority to recommend any right or relief on an alleged grievance occurring at any time other than the contract period in which such rights originated or to make any award based on rights arising under any previous Agreement, grievance or practices. The arbitrator shall not establish any new or different wage rates not negotiated as part of this Agreement. In cases of discharge or of suspension, the arbitrator shall have the authority to recommend modification of said discipline.
* * *
 The decision of the arbitrator shall be final and binding on grievant, the Union and the Employer. The arbitrator shall be requested to issue his decision within thirty (30) calendar days after the conclusion of testimony and argument or submission of final briefs. (Emphasis added.) Collective Bargaining Agreement, Article 16, Section 3, Step 3.
Appellants maintain the arbitrator's interpretation of the collective bargaining agreement was reasonable as the parties stipulated, to the arbitrator, that he had the authority to determine the appropriate remedy. In submitting this matter to arbitration, the parties stipulated to the following issue for the arbitrator's decision: "Was the termination of the grievant, Robert Fauris, for just cause and, if not, what shall the remedy be?" The arbitrator addressed the term "recommend" in his decision, and stated that: "To say that an arbitrator could rule that just cause for discharge did not exist (a determination that according to the Employer would be binding), but the same arbitrator could only `recommend' a reduced penalty (a determination which according to the Employer is not binding on the parties) is to break faith with arbitration as a final and binding method of dispute resolution." Arbitrator's Decision, Dec. 12, 1998, at 12. Based on this conclusion, the arbitrator proceeded to address the remedy. Appellee maintains that under the collective bargaining agreement, the arbitrator merely had the authority to "recommend" modification of discipline, he did not have the authority to actually modify the discipline rendered by appellee. Appellants contend the term "recommend" means that the arbitrator had the authority to "make the discipline acceptable" due to the final and binding decision making language also found in the above section of the collective bargaining agreement. Appellee argues the term "recommend" means the arbitrator can suggest that the employer modify the discharge imposed. We agree with appellant that the parties' stipulation that the arbitrator shall determine the appropriate remedy gave the arbitrator the authority to alter the disciplinary measures in the instant case. While the collective bargaining agreement does state that in cases of discharge or suspension, the arbitrator shall have the authority to recommend modification, the agreement further provides that the arbitrator shall confine himself to the issues submitted for arbitration, and the decision shall be final and binding. To hold that the term "recommend" does not give the arbitrator the authority to change the penalty would contradict the nature of arbitration as a final and binding method of dispute resolution, and render meaningless the stipulation of the parties that the arbitrator shall determine the appropriate remedy. The first assignment of error is sustained.
II The second assignment of error is rendered moot by the disposition of assignment of error I.
The judgment of the Muskingum County Common Pleas Court is vacated. Pursuant to App. R. 12 (B), we enter judgment confirming the decision of the arbitrator.
By Gwin, J., Hoffman, J., concur Wise P.J., dissents.